KYM SAMUEL CUSHING, ESQ.
Nevada Bar No. 4242
VIRGINIA T. TOMOVA, ESQ.
Nevada Bar No. 12504
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; FAX (702) 727-1401
kym.cushing@wilsonelser.com
virginia.tomova@wilsonelser.com
*Attorneys for Defendants 2701 Decatur, LLC and ConAm Management Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH JOHNSON as guardian ad litem for C J , a minor,<br><br>Plaintiffs,<br><br>v.<br><br>2701 DECATUR LLC, a foreign limited-liability company; CONAM MANAGEMENT CORPORATION, a foreign corporation; RANCHO DEL REY APARTMENTS LLC, a domestic limited-liability company; BOUNTIFUL PROPERTIES & INVESTMENTS, INC. d/b/a RANCHO DEL REY APARTMENTS; DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-00777-RFB-NJK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>AS AMENDED |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, business proprietary or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential." If

1038965v.1

any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall

2

1  make arrangements with the court reporter not to disclose any information except in accordance with
2  the terms of this Order.

3      8.    If a deponent refuses to execute a Confidentiality Agreement, disclosure of
4  Confidential Material during the deposition shall not constitute a waiver of confidentiality.  Under
5  such circumstances, the witness shall sign the original deposition transcript in the presence of the
6  court reporter and no copy of the transcript or exhibits shall be given to the deponent.

7      9.    If a party wishes to attach Confidential Material to a non-dispositive motion or other
8  filing (excluding dispositive motions) with the Court, then that party will notify the designating party
9  of its intent to attach the Confidential Material to the filing in writing at least ten (10) days before
10 filing.  If the designating party believes that the release of the Confidential Material is adverse to the
11 terms of this stipulation, then the non-designating party will bring a motion to seal the non-
12 dispositive motion or other filing.

13     10.    ~~If a party wishes to attach Confidential Material to a dispositive motion, then that
14 party will notify the designating party of its intent to attach the Confidential Material to the
15 dispositive motion, in writing, at least ten (10) days before filing.  The designating party shall then
16 bring a motion with the Court to seal the document, setting forth a compelling reason as
   required by the Ninth Circuit Court of Appeals in Kamakan v. City and County of Honolulu, 447
17 F.3d 1172 (9th Cir. 2006).

18     11.    If a party wishes to file any Confidential Material under seal, the party must comply
19 with the requirements of Local Rule 10-5(b) and the Ninth Circuit Court of Appeals' decision in
20 Kamakan v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006).~~

[See order issued concurrently herewith]

21     12.    If a non-designating party is subpoenaed or ordered to produce Confidential Material
22 by another court or administrative agency, such party shall promptly notify the designating party of
23 the pending subpoena or order and shall not produce any Confidential Material until the designating
24 party has had reasonable time to object or otherwise take appropriate steps to protect such
25 Confidential Material.

26     13.    If a party believes that any Confidential Material does not contain confidential
27 information, it may contest the applicability of this Order to such information by notifying the
28 designating party's counsel in writing and identifying the information contested.  The parties shall

1038965v.1

have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

14. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

15. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

16. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

17. Within thirty (30) days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

///
///
///
///
///

4

1038965v.1

18. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS SO STIPULATED:

Dated this ___ day of _____, 2016          Dated this 5th day of September, 2016

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

_____
**KYM SAMUEL CUSHING, ESQ.**
Nevada Bar No.: 4242
**VIRGINIA T. TOMOVA, ESQ.**
Nevada Bar No. 12504
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
*Attorneys for Defendants 2701 Decatur, LLC and ConAm Management Corporation*

**BERNSTEIN & POISSON**

_____
**SCOTT L. POISSON, ESQ.**
Nevada Bar No. 10188
**BRIAN M. BOYER, ESQ.**
Nevada Bar No. 12185
320 S. Jones Blvd.
Las Vegas, Nevada 89107
*Attorneys for Plaintiff Keith Johnson as guardian ad litem for Cole Johnson, a minor*

IT IS SO ORDERED.

Dated September 9 , 2016.

_____
UNITED STATES MAGISTRATE JUDGE